**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CINDY LOU SCHROCK,**

                                **Plaintiff,**

    vs.                                            3:12-cv-1898
                                                         (MAD/CFH)

**CAROLYN W. COLVIN,**

                                **Defendant.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**FOSTER LAW OFFICE**                       **JONATHAN P. FOSTER, ESQ.**
2268 Elmira Street
P.O. Box 400
Sayre, Pennsylvania 18840
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DENNIS J. CANNING, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant


**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff Cindy Lou Schrock brought this action pursuant to 42 U.S.C. §§ 405(g) and

1383(g), seeking a review of the Commissioner of Social Security's decision to deny her

application for benefits. The matter was referred to United States Magistrate Judge Christian F.

Hummel for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule

72.3(d). Magistrate Judge Hummel recommended that this Court affirm the Commissioner's

decision denying Plaintiff's application for benefits and dismiss Plaintiff's complaint. *See* Dkt.

No. 17. Presently before the Court is Plaintiff's objection to the Report and Recommendation. *See* Dkt. No. 18.

In the Report and Recommendation, Magistrate Judge Hummel found that: the Administrative Law Judge ("ALJ") did not misapply the treating physician rule with respect to Drs. McDonald and Plotnik; the ALJ did not fail to fully develop the record; the ALJ did not fail to act as an impartial adjudicator; and the ALJ did not err by not using a vocational expert to determine whether Plaintiff could perform other work in the national economy. *See* Dkt. No. 17. In objecting to the Report and Recommendation, Plaintiff has repeated many of the same arguments raised before Magistrate Judge Hummel in her motion for judgment on the pleadings. *See* Dkt. No. 18. In particular, Plaintiff objects to Magistrate Judge Hummel's finding with respect to the ALJ's decision to give less than controlling weight to the opinion of her treating physician Dr. Plotnik. *See id.* at 13-14.[1] Plaintiff also objects to Magistrate Judge Hummel's determination that the ALJ appropriately found that Plaintiff's visual impairments did not constitute a significant diminishment of her capacity, such that the ALJ was required to elicit the testimony of a vocational expert, rather than rely on the Medical-Vocational Guidelines. *See id.* at 14-15. In response, Defendant first asserts that Plaintiff's objections are untimely and, in any event, meritless. *See* Dkt. No. 19.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were

---

[1] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate Judge's Report and Recommendation to which a party specifically objects. Failure to timely object to any portion of a Magistrate Judge's Report and Recommendation operates as a waiver of further judicial review of those matters. *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). "To the extent, . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (citing, *inter alia, Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (observing that "[r]eviewing courts should review a report and recommendation for clear error where objections

3

are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition") (citation and internal quotation marks omitted)).

In the present matter, although timely[2], Plaintiff has "submitt[ed] papers to [the] district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Petty v. Colvin*, No. 12 Civ. 1644, 2014 WL 2465109, *1 (S.D.N.Y. June 2, 2014) (citing *Pu v. Charles H. Greenthal Mgmt. Corp.*, 08 Civ. 10084, 2010 WL 774335, *1 (S.D.N.Y. Mar. 9, 2010)). As such, the Court will review Magistrate Judge Hummel's Report and Recommendation for clear error. *See Dahl v. Cmm'r of Soc. Sec.*, No. 12-cv-302, 2013 WL 5493677, *1 & n.4 (N.D.N.Y. Oct. 1, 2013).

Having carefully reviewed Magistrate Judge Hummel's thorough Report and Recommendation, the Court finds no clear error. With respect to Plaintiff's argument regarding the weight accorded the opinion of Dr. Plotnik pursuant to the treating physician rule, Magistrate Judge Hummel correctly noted that the ALJ was free to reject "Dr. Plotnik's ultimate opinion regarding Schrock's ability to work." Dkt. No. 17 at 9. It is well settled that "'[t]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance.'" *Rodriguez v. Astrue,* 2013 WL 690502 (W.D.N.Y. Feb. 25, 2013) (quoting SSR 96-5p, 1996 WL 374183, *2 (Soc. Sec. Admin. 1996)). Magistrate Judge Hummel

---

[2] The Court rejects Defendant's argument that Plaintiff's objections were untimely. Magistrate Judge Hummel's Report and Recommendation was filed on February 18, 2014. Any objections thereto must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), (F), *see* Fed. R. Civ. P. 6(d); *see also* N.D.N.Y. General Order #22 § 5.5, for a total of seventeen days. As such, any objections were due to be filed by March 7, 2014. Accordingly, Plaintiff's objections, which were filed on March 7, 2014, were timely.

also noted that the ALJ properly supported his decision to give "little weight" to Dr. Plotnik's opinion with "good reasons," including an analysis of the objective medical record as a whole, as well as a discussion of the opinions of consultative examiner Dr. Persaud, treating physician Dr. McDonald, and a physician who saw Plaintiff on a referral, Dr. Weisenthal. Thus, contrary to Plaintiff's assertion, the ALJ fulfilled his duty to specifically identify medical evidence which is inconsistent with the opinions (other than those on issues reserved to the Commissioner) of treating source Dr. Plotnik.

Plaintiff's argument that the ALJ improperly relied upon the Medical-Vocational Guidelines at step five of the sequential analysis is equally unavailing. Plaintiff asserts that her visual impairments significantly diminished her ability to work beyond the incapacity caused solely by her exertional limits, necessitating the use of a vocational expert to determine whether jobs exist in the national economy that she can perform. The ALJ specifically addressed this issue, finding that the guidance set forth in SSR 83-14 did not command the use of a vocational expert:

> Where a person has a visual impairment which is not of Listing severity but causes the person to be a hazard to self and others – usually a constriction of visual fields rather than a loss of acuity – the manifestations of tripping over boxes while walking, inability to detect approaching persons or objects, difficulty in walking up and down stairs, etc., will indicate to the decision-maker that the remaining occupational base is significantly diminished for light work. [citing SSR 83-14, 1983 WL 31254 (Soc. Sec. Admin. 1983) (discussing use of Medical-Vocational Rules as a framework for evaluating combination of light exertion combined with visual impairment)].
>
> However, this does not apply in the instant case. In the most recent report, a treating physician stated she has a normal field of vision, muscle function and visual efficiency in her left eye; and is capable of traveling by bus alone . . . . Therefore, the medical evidence indictates she is capable of seeing well enough to avoid hazards.

5

Dkt. No. 9-2 at 17. Accordingly, the ALJ was entitled to make a finding of not disabled without the use of vocational expert testimony.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Christian F. Hummel's February 18, 2014 Report and Recommendation (Dkt. No. 17) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 19, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge